78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
MID-AMERICAN WASTE SYSTEMS, INC., and Mid-American Waste
Systems of Indiana, Inc., Plaintiffs-Appellees,
Cross-Appellants,
v.
CITY OF GARY, INDIANA, et al., Defendants-Appellants, Cross-Appellees.
 Nos. 95-2689, 95-2729.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 20, 1996.
Decided March 7, 1996.
 
 Before COFFEY, EASTERBROOK and EVANS, Circuit Judges.
 
 Order
 
 1
 Last year we remanded this case so that the district court could assess an appropriate award to compensate Mid-American for what it lost on account of the City of Gary's contempt of court. See 49 F.3d 286 (7th Cir.1995).
 
 
 2
 On remand, the district court ordered the City to pay Mid-American Waste $110,250, or $22,050 for each of five days from October 31 through November 4, 1994, during which the City did not allow Mid-American to deposit waste in the Gary Landfill. The court added $11,589 in attorneys' fees. It did not order Gary to pay anything for disobedience after November 4. Both sides appeal. Gary contends that the sanction exceeds what is necessary to make Mid-American whole and that attorneys' fees should not have been awarded. Mid-American contends that it is entitled to compensation for noncompliance between November 5 and November 15, when the judge vacated the injunction.
 
 
 3
 1. We begin with Mid-American's appeal, which rests on a sentence in our first opinion approving the district court's sanctions for the period after November 4. As it turns out, the court had not imposed any. Our language required it to do so, Mid-American argues; that is the law of the case. Yet what we said reflects an assumption, not compulsion. We assumed that there had been such a sanction because the parties limited their dispute to the period before November 5. It now appears that this assumption was unwarranted. Still, the subject was not presented for decision. If Mid-American wanted damages for days after November 4 it should have made such an argument earlier. It did not do so. An appeal from an order entered in response to a limited remand is not a way to reopen subjects that were resolved prior to the first appeal. All that is open now is the district court's disposition of the questions we remanded to it.
 
 
 4
 2. Given the lack of any sanction for contempt between November 5 and 15, the imprecise estimate of Mid-American's loss for the period October 31 to November 4 is less troubling. Even if the court overestimated the daily loss by a factor of three, the total sanction falls short of Mid-American's loss and thus does not require the procedures used for criminal contempt. We are confident that the judge's estimate comes within a factor of three of the actual loss, so we do not set the award aside.
 
 
 5
 It is not possible to say much more about the accuracy of the award, because the record does not contain evidence from which the court could determine the costs Mid-American avoided during the days it could not operate the landfill. A witness testified that Mid-American's costs were 65% of its revenues when it operated at full volume, and the district judge apparently concluded that all of these costs are fixed. The judge subtracted these costs from the revenue the judge believed Mid-American would have received had it operated at full volume and awarded the difference (less royalties, which Mid-American did not pay the City) as compensation for contempt. Yet some of Mid-American's costs must represent outlays for labor, depreciation, and consumables, all of which are avoidable. The larger the avoidable costs, the smaller the damages during the shutdown. Unfortunately, however, Mid-American did not offer a breakdown of its costs by category, so the judge could not determine which were fixed and which avoidable. The City's lawyer did not cross-examine Mid-American's witnesses on that subject and did not seek discovery into the question. Because the City, as the contemnor, bears the risk of nonpersuasion on this subject, the omission means that we must take the record as it is, and on this record the district judge's findings cannot be called clearly erroneous.
 
 
 6
 The City contends that the district court erred in failing to reopen the record to receive additional evidence on remand, but the kind of evidence the City wanted to offer was not designed to show which of Mid-American's costs were fixed and which were variable. Instead the City wanted to demonstrate that there was, in the language of its brief, "a criminal conspiracy to bring 'ghost' loads of clay to the landfill for remediation and charge the City for those costs." What that has to do with either Mid-American's operating costs for waste disposal (this case is about waste deposits, not about clay used to seal the landfill), or with the allocation between fixed and avoidable costs, the City did not attempt to explain. The district judge properly rebuffed the effort to conduct a wild ghost chase.
 
 
 7
 3. The City opposes the award of attorneys' fees, principally on the ground that in the end Mid-American lost the case. But the district court did not award fees for the merits; he held that the prevailing party in civil contempt proceedings is entitled to be made whole, including legal expenses. That proposition is legally correct, see Connolly v. J.T. Ventures, 851 F.2d 930 (7th Cir.1988), and Mid-American certainly prevailed in the contempt proceedings. What remains is the question whether the fees were limited to the legal expenses in those proceedings. The City asserts that "[e]ven the most cursory examination of the time slips shows charges for time spent opposing Defendant's motion to Dismiss, Supplemental Motion to Dismiss, Oppose the Motion to Dismiss, Oppose the Motion to Strike--all of which are unrelated to the contempt issue." The City does not develop the point with argument and does not provide its own estimate of allowable time. Arguments must be developed; this was not, and is waived. But, for what it is worth, we have given the time records a "most cursory examination" and find that more than $9,700 of time is accounted for by slips that are concerned with nothing but contempt matters. Other time appears on slips with several different matters, some of which deal with the merits. A judge is entitled to reasonable discretion in allocating time from the remaining slips. The total award, some 10% of the recovery for contempt, does not strike us as undue in absolute or percentage terms.
 
 
 8
 AFFIRMED.